IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:23-cr-70 |
| CHRISTIE F. OXENDINE, | |
| Defendant. | |

**O R D E R**

This matter is before the Court on Defendant's Motion for New Trial. (Doc. 100.) The Government has responded in opposition to Defendant's Motion. (Doc. 107.) For the reasons stated below, the Court **DENIES** Defendant's Motion.

**BACKGROUND**

A grand jury in this District indicted Defendant for violating the Assimilated Crimes Act, 18 U.S.C. §§ 7 and 13. (Doc. 1.) The grand jury charged Defendant with Obstructing and Hindering Emergency Medical Professionals in violation of O.C.G.A. § 16-10-24.2(c); Simple Battery Against a Pregnant Woman in violation of O.C.G.A. § 16-5-23(c); Simple Battery in violation of O.C.G.A. § 16-5-23; and Disorderly Conduct in violation of O.C.G.A. § 16-11-39. (Id.) During trial on these charges, Defendant argued that the Government based its peremptory strikes on racial and gender considerations in violation of the principles recognized in Batson v. Kentucky, 476 U.S. 79 (1986). (Doc. 107-1, pp. 94–119.) The Court rejected this challenge. (Id. at p. 119.) After a two-day trial, the jury found Defendant guilty of all charges. (Doc. 96.)

## DISCUSSION

"Under Federal Rule of Criminal Procedure 33(a), 'the court may vacate any judgment and grant a new trial if the interest of justice so requires.'"  United States v. Pitts, No. 4:19-CR-12, 2019 WL 3408817, at *1 (S.D. Ga. July 26, 2019).  The sole argument Defendant raises in support of her request for a new trial is that the Court erred when rejecting her challenge that the Government's strikes were racially motivated.  (Doc. 100.)

The Equal Protection Clause of the Fourteenth Amendment guarantees a criminal defendant the right "to be tried by a jury whose members are selected pursuant to nondiscriminatory criteria."  Batson, 476 U.S. at 85–86.  A party violates the Equal Protection Clause if it purposefully and deliberately denies a juror the opportunity to participate in the administration of justice on account of race.  Id. at 84.  Batson and its progeny established a three-step framework for evaluating race-discrimination claims in jury selection which the United States Supreme Court summarized as follows:

> First, a defendant must make a prima facie showing that a peremptory challenge has been exercised on the basis of race.  Second, if that showing has been made, the prosecution must offer a race-neutral basis for striking the juror in question. Third, in light of the parties' submissions, the trial court must determine whether the defendant has shown purposeful discrimination.

Miller-El v. Cockrell, 537 U.S. 322, 328–29 (2003) (citing Batson, 476 U.S. at 96–98) (internal citations omitted).  The Court applied this framework during Defendant's trial and found that Defendant satisfied the first step and made a prima facie case of racial motivation.  (Id. at pp. 104–07.)  The Court then discussed each of the Government's strikes and the proffered reasons for challenging those jurors in detail.  (Id. at pp. 108–18.)  As to the second step, the Court concluded that the Government had offered legitimate race neutral reasons for each of its peremptory challenges.  (Id. at p. 119.)  The Court also found that, should it need to reach the third step, the

Government's proffered reasons for striking each juror were credible and that there was no reason for doubting its challenges. (Id.)

In her Motion for New Trial, Defendant disagrees with the Court's <u>Batson</u> ruling but makes no specific argument in support of that disagreement. She does not specifically discuss any of the challenged jurors, the Government's reasons for challenging them, or the Court's rulings on those challenges. She states that "[t]he reasons given as to why strikes were utilized included: concerns over the criminal justice system, a son's conviction of a crime, an arrest for battery, a sick wife, demeanor, drowsiness, and the clothing a potential juror wore." (Doc. 100, p. 2.) But she does not then argue that any of these reasons lacked credibility or that they were otherwise invalid. During jury selection, the Court assessed these reasons, and others that the Government offered, and found them to be legitimate and credible considerations. Defendant does not cite to or discuss those assessments and findings. She contends that the "reasons set forth were not acceptable, race neutral, reasons as there were other potential jurors with similar attributes." (<u>Id.</u>) Yet Defendant does not identify which jurors were struck for illegitimate reasons, much less the "potential jurors with similar attributes." Defendant's scant argument does not give the Court any reason to disturb its prior rulings. Nor has the Court found one. A review of the trial transcript confirms what the Court found at trial: the Government offered a race-neutral reason for striking each juror it struck and Defendant failed to show purposeful discrimination.

**CONCLUSION**

For all the reasons stated above, the Court **DENIES** Defendant's Motion for a New Trial, (doc. 100).

**SO ORDERED**, this 26th day of July, 2024.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA